UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
|     ALANDRA R. JONES ) | Case No. 08-10278-SSM |
| ) | Chapter 13 |
|                   Debtor ) | |
| ) | |
| BANKUNITED ) | |
| ) | |
|                   Movant ) | |
| ) | |
| vs. ) | |
| ) | |
| ALANDRA R. JONES ) | |
| ) | |
|                   Respondent ) | |

**MEMORANDUM OPINION**

Before the court is the debtor's objection to a notice of default filed by BankUnited with respect to an order, conditioning the automatic stay. For the reasons stated, the court determines that the issues raised by the objection are now moot.

Alandra R. Jones ("the debtor") filed a voluntary petition in this court on January 22, 2008, for adjustment of her debts under chapter 13 of the Bankruptcy Code. Among the assets listed on her schedules was fee simple ownership of real property located at 3433 Tuckahoe Court, Dumfries, Virginia, which she valued at $330,000, subject to two deeds of trust totaling $319,394. BankUnited, the holder of the first deed of trust, filed a proof of claim (Claim No. 5) in the amount of $281,876. Of this amount, $10,338 was claimed as prepetition arrears. The debtor's plan, which was filed on February 18, 2008, was confirmed without objection on March

1

24, 2010. It requires the debtor to pay the trustee $338 per month for 60 months and projects a dividend to unsecured creditors of 100 cents on the dollar. Relevant to the present motion, it requires the debtor to make the regular contract payments to Bank United in the amount of $2,300 per month, with the arrears being paid by the trustee over the term of the plan.

On March 8, 2010, BankUnited filed a motion for relief from the automatic stay alleging that the debtor was behind $39,268 with respect to the post-petition mortgage payments. The debtor denied the amount of the arrears, but at the hearing on the motion, the court essentially decided to place that issue on hold while the debtor applied for a modification of the loan. The court did, however, enter an order on April 22, 2010, that conditioned the automatic stay upon the debtor making the payments "contractually due" while she pursued the loan modification. Following a status hearing on August 18, 2010, the court entered an order on August 20, 2010, reciting that the debtor's application for a loan modification had been denied, but that the debtor had offered in open court to make an immediate $10,000 payment toward the post-petition arrears. The court determined that the $10,000 payment, coupled with on-going monthly payments of $1,588.10, would provide BankUnited with adequate protection "until there is a final determination of the correct payment amount and the court can determine the terms of a cure." The court set a further hearing for September 15, 2010, to determine the correct payment amount.

At the hearing, the court heard argument from the parties concerning the proper calculation of the interest rate, and thus the payment amount, under the terms of the note. That calculation, as it turns out, is far more complicated than with most adjustable rate notes, because the index, which is adjustable monthly, is tied to a rolling 12-month average of the composite

yield on U.S. Treasury notes.  Adding to the complexity, the interest rate adjusts monthly, but the payment adjusts annually.  To the extent the monthly payment in a given month does not (because of the interest rate adjustment) fully pay the interest, the unpaid interest is added to the principal.  The adjusted payment amount is calculated as the amount necessary to amortize the principal payment over the remaining term of the note at the then-current interest rate.  At the conclusion of the hearing, the court took the issues under advisement; directed counsel for the movant to submit in spreadsheet form the applicable monthly U.S. Treasury yields since the inception of the loan; and allowed both parties an opportunity to submit post-hearing memoranda.

While the court had those issues under submission, BankUnited filed a motion for immediate entry of an order terminating the automatic stay based on the debtor's failure to make the $10,000 adequate protection payment required by the August 20th order.  At a hearing on November 17, 2010, the court found that the payment had not been made and ruled that the automatic stay would be terminated   Essentially, the debtor was not willing to make the $10,000 payment unless assured that she would be able to keep the house, which she could do only if BankUnited were to agree to a restructuring of the loan, including a fixed, rather than variable, interest rate, which BankUnited advised it was not willing to do.  Given the court's decision to terminate the automatic stay, a further ruling resolving the payment amount and the post-petition arrears would have no practical consequence, and the court declines to undertake the exercise.

A separate order has been or will be entered terminating the automatic stay with respect to enforcement of the deed of trust.  The automatic stay will of course remain in full force and effect with respect to any deficiency claim, and to the extent such a claim is filed, and it become

necessary in order to resolve an objection to it, the court reserves the right to revisit the

calculation of the correct monthly payment amount.

Date: _____                    _____
                                                 Stephen S. Mitchell
Alexandria, Virginia                             United States Bankruptcy Judge


Copies to:

Abby K. Moynihan, Esquire
McCabe, Weisberg & Conway, LLC.
8101 Sandy Spring Road, #100
Laurel, Maryland 20707
Counsel for BankUnited

Joseph M. Goldberg, Esquire
Ammerman & Goldberg
1115 Massachusetts Ave., NW
Washington, DC 20005
Counsel for the debtor

Alandra R Jones
3433 Tuckahoe Court
Dumfries, VA 22026
Debtor

Thomas P. Gorman, Esquire
300 N. Washington St., Suite 400
Alexandria, VA 22314
Chapter 13 Trustee